UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHELLE CARPIO,

     Plaintiff,

v.

SMILEFY, INC., a Florida Corporation,
ZYPRIAN RALPH GEORG, individually,
and TATJANA GEORG, individually,

     Defendants.

_____/

## COMPLAINT

Plaintiff MICHELLE CARPIO ("Plaintiff") hereby sues Defendants, SMILEFY, INC.

("SmileFy"), ZYPRIAN RALPH GEORG ("Mr. Georg"), and TATJANA GEORG ("Ms.

Georg"), (collectively, "Defendants"), and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is an individual over the age of eighteen (18) and is otherwise *sui juris*.

2.     Defendant SmileFy is a Florida corporation with a principal place of business in

Broward County, Florida.

3.     SmileFy focuses on technology allowing dentistry visualization for patients.

4.     SmileFy conducts its business online and out of its headquarters in Hallandale

Beach, Florida.

5.     Defendant Ralph Georg is a founder, owner, and the Chief Executive Officer of

SmileFy.

6.     Defendant Tatjana Georg is a manager, owner and the President of SmileFy.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

7.      Mr. and Ms. Georg are owners and managing members of SmileFy.

8.      During the relevant period, Plaintiff was controlled by Defendants.

9.      During the relevant period, Defendants controlled Plaintiff's duties, responsibilities, and job functions.

10.     During the relevant period, Plaintiff reported to Defendants.

11.     Through SmileFy's purported ventures into AI Smile Simulation, three-dimensional planning, digital patient resources and open-source exportation of designs and three-dimensional files, Defendants provided concepts, data, materials, and supplies to be used by Plaintiff when performing work for Defendants—intended by Defendants to traverse the globe.

12.     Plaintiff was formerly employed by Defendants in Broward County, Florida.

13.     Venue is proper in this Court because Defendants conduct business in Broward County, Plaintiff and two (2) of three (3) Defendants reside in Broward County, Defendants employed Plaintiff in Broward County, and the claims arose within Broward County.

14.     All conditions precedent for the filing of this action before this Court have been previously met.

## **GENERAL ALLEGATIONS**

15.     At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of 29 U.S.C. § 203 (d).

16.     At all times material hereto, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

17.     Upon information and belief, Defendants' annual gross income exceeds the $500,000 annual income threshold set for enterprise coverage under the FLSA.

18.     At all times material hereto, Defendants acted as joint employers of Plaintiff.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

19.     At all relevant times, Defendants employed two or more employees that customarily, continually, and regularly handled material and software that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

20.     Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside of the State of Florida and used electronic means to market and run their business internationally (i.e., sales).

21.     Defendants, at all material and relevant times, were engaged in interstate commerce and subject to enterprise coverage under the FLSA.

## **BACKGROUND**

22.     Plaintiff worked for Defendants from March 25, 2019, until her unlawful, retaliatory termination on September 17, 2021.

23.     On February 29, 2020, Plaintiff was promoted to the position of Sales Team Lead/Supervisor by Mr. Zyprian Ralph Georg ("Mr. Georg").

24.     Plaintiff customarily and regularly worked over 40 hours a week for Defendants.

25.     Defendants, however, never paid Plaintiff at time-and-a-half her regular rate of pay as required by the Fair Labor Standards Act ("FLSA").

26.     Mr. Georg misrepresented to Plaintiff that she would receive a pay increase for this promotion.

27.     Plaintiff never received that raise.

28.     In connection with her annual review in December 2020, Plaintiff received high performance ratings for which she was praised by Ms. Tatjana Georg ("Ms. Georg").

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

29.     Ms. Georg misrepresented to Plaintiff that she would receive a pay increase for her high level of performance within the next six (6) months.

30.     Plaintiff, again, never received that raise.

31.     Plaintiff levied complaints and concerns to Ms. Georg about her compensation but was told by Ms. Georg that nothing could be done.

32.     Instead, Ms. Georg and Plaintiff verbally agreed, unequivocally, that Plaintiff could avail herself to unlimited paid time off ("PTO") in lieu of receiving a raise in her compensation.

33.     Thereafter, on August 11, 2021, Plaintiff fell ill and took that day off work.

34.     Plaintiff continued working her normal schedule for Defendant until August 25, 2021, the date of Plaintiff's hospitalization, which lasted through September 1, 2021—a period of six (6) days.

35.     On September 9, 2021, Plaintiff underwent a CT scan due to localized pain and tenderness arising from her serious medical condition.

36.     That next day, on September 10, 2021, Ms. Georg called Plaintiff inquiring whether Plaintiff's health insurance would cover her salary because, as alleged by Defendants, it "can't pay someone who isn't generating revenue [sic]."

37.     Ms. Georg informed Plaintiff that she would be penalized for missing work going forward and her time off would not be covered (which would subject Plaintiff to disciplinary action).

38.     Plaintiff's September 9 CT scan rendered findings of a cyst requiring medical follow-up.

39.     Upon being informed of this, Ms. Georg reiterated that subsequent time off would be unpaid.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

40.     On September 13, 2021, Plaintiff was certified by her primary care physician to return to work on light duty.

41.     That same date, Plaintiff replied to Ms. Georg's September 10 WhatsApp message, noting that Ms. Georg agreed to provide Plaintiff unlimited PTO in lieu of a raise.

42.     Ms. Georg falsely replied that no such agreement was made, but rather, it was only agreed that Plaintiff would receive one (1) day off every three (3) to four (4) weeks—which was not the agreement.

43.     Defendants denied Plaintiff the very reasonable accommodation which was agreed upon between Plaintiff and Defendants.

44.     Plaintiff corrected Ms. Georg regarding the agreed upon accommodation and demanded the compensation owed to her.

45.     To make matters worse, Defendants failed to compensate Plaintiff 80% of Plaintiff's due and owing compensation for the pay period covered by payment date September 14, 2021, and little to no compensation for the pay period following that.

46.     On September 16, 2021, Plaintiff complained about and objected to Defendants' illegal pay policies *via* text message regarding the illegal deductions to Plaintiff's compensation in violation of the FLSA.

47.     Specifically, Plaintiff's text message stated as follows:

> *Hi Tati. I understand as a business owner how my absence can affect productivity and that it may be hard on you what I'm going through. It's also been very hard on me and I've been very worried about my pay as the reduction is detrimental to me. I have further inquired about the FSLA, and it appears that any reduction of hours worked by a salaried employee does not constitute a reduction in salary. Under this act the employer is supposed to pay the employee their full salary despite the reduced hours. Please review this act (FLSA) in respect to salaried employees and let me know if you're willing to pay out the remaining 80% of my salary from the previous pay period and 100% of my salary moving forward despite being cleared to work reduced hours.*

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

48.     A few minutes later, Ms. Georg claimed she was "not familiar with [the] FLSA."

49.     Plaintiff was retaliatorily terminated by Defendants on September 17, 2021.

50.     Any reasons proffered by Defendants to justify Plaintiff's unlawful termination is nothing more than mere pretext.

## Count I

## UNPAID OVERTIME VIOLATION AGAINST SMILEFY UNDER THE FLSA

51.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 as if fully set forth herein.

52.     As part of its business, Defendants sold materials and software that traveled through interstate commerce during the relevant period.

53.     During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

54.     During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

55.     Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

56.     During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

57.     Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

58.     Defendants intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

59.     Defendants are in violation of the FLSA and owes Plaintiff backpay.

60.     In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a.   Enter judgment against Defendants under the FLSA;

   b.   Award Plaintiff actual damages for the unpaid overtime wages;

   c.   Award Plaintiff liquidated damages;

   d.   Award Plaintiff attorneys' fees and costs;

   e.   Award Plaintiff all recoverable interest; and

   f.   Award any other relief this Honorable Court deems just and proper.

### <u>Count II</u>

### <u>FLSA RETALIATION (SMILEFY)</u>

61.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if fully set forth herein.

62.     Defendant is an employer under the FLSA.

63.     Plaintiff is an employee of Defendants and was so during the relevant period.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

64.     Defendants controlled the day-to-day operations of Plaintiff and did so during the relevant period.

65.     Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit by advising Defendants of her entitlement to unpaid wages under the FLSA.

66.     Defendants retaliated against Plaintiff for engaging in such protected activity in the form of dereliction of the terms and conditions and privileges of Plaintiff's employment and subsequent termination.

67.     Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment for Plaintiff against Defendants under the FLSA;

b.     Award Plaintiff actual damages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff compensatory damages for mental and emotional distress;

e.     Award Plaintiff her attorneys' fees and costs;

f.     Award Plaintiff all recoverable interest; and

g.     Award any other relief this Honorable Court deems just and proper.

## <u>Count III</u>

## <u>UNPAID OVERTIME VIOLATION AGAINST MR. GEORG UNDER THE FLSA</u>

68.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 as if fully set forth herein.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

69.     Upon information and belief, the annual volume of sales or business for Defendants (independently and as joint employers) exceeded $500,000 during each calendar year of the relevant period.

70.     As part of its business, Defendants sold materials and software that traveled through interstate commerce during the relevant period.

71.     During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

72.     During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

73.     Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

74.     During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

75.     Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

76.     Defendants intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

77.     Defendants are in violation of the FLSA and owes Plaintiff backpay.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

78. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

g. Enter judgment against Defendants under the FLSA;

h. Award Plaintiff actual damages for the unpaid overtime wages;

i. Award Plaintiff liquidated damages;

j. Award Plaintiff attorneys' fees and costs;

k. Award Plaintiff all recoverable interest; and

l. Award any other relief this Honorable Court deems just and proper.

## Count IV

## FLSA RETALIATION (MR. GEORG)

79. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if fully set forth herein.

80. Defendant is an employer under the FLSA.

81. Plaintiff is an employee of Defendants and was so during the relevant period.

82. Defendants controlled the day-to-day operations of Plaintiff and did so during the relevant period.

83. Plaintiff engaged in various instances of protected activity by advising Defendants, routinely, of her entitlement to unpaid wages under the FLSA.

84. Defendants retaliated against Plaintiff for engaging in such protected activity in the form of dereliction of the terms and conditions and privileges of Plaintiff's employment and subsequent termination.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

85.     Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Defendants under the FLSA;

b.      Award Plaintiff actual damages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff compensatory damages for mental and emotional distress;

e.      Award Plaintiff her attorneys' fees and costs;

f.      Award Plaintiff all recoverable interest; and

g.      Award any other relief this Honorable Court deems just and proper.

## Count V

## UNPAID OVERTIME VIOLATION AGAINST MS. GEORG UNDER THE FLSA

86.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 as if fully set forth herein.

87.     Upon information and belief, the annual volume of sales or business for Defendants (independently and as joint employers) exceeded $500,000 during each calendar year of the relevant period.

88.     As part of its business, Defendants sold goods and materials that traveled through interstate commerce during the relevant period.

89.     During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

90.     During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

91.     Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

92.     During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

93.     Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

94.     Defendants intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

95.     Defendants are in violation of the FLSA and owes Plaintiff backpay.

96.     In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

m.  Enter judgment against Defendants under the FLSA;

n.  Award Plaintiff actual damages for the unpaid overtime wages;

o.  Award Plaintiff liquidated damages;

p.  Award Plaintiff attorneys' fees and costs;

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

q.   Award Plaintiff all recoverable interest; and

r.   Award any other relief this Honorable Court deems just and proper.

## Count VI

## FLSA RETALIATION (MS. GEORG)

97.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if fully set forth herein.

98.   Plaintiff is an employer under the FLSA.

99.   Plaintiff is an employee of Defendants and was so during the relevant period.

100.   Defendants controlled the day-to-day operations of Plaintiff and did so during the relevant period.

101.   Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit by advising Defendants of her entitlement to unpaid wages under the FLSA.

102.   Defendants retaliated against Plaintiff for engaging in such protected activity in the form of dereliction of the terms and conditions and privileges of Plaintiff's employment and subsequent termination.

103.   Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Enter judgment for Plaintiff against Defendants under the FLSA;

b.   Award Plaintiff actual damages;

c.   Award Plaintiff liquidated damages;

d.   Award Plaintiff compensatory damages for mental and emotional distress;

e.   Award Plaintiff her attorneys' fees and costs;

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

    f.      Award Plaintiff all recoverable interest; and

    g.      Award any other relief this Honorable Court deems just and proper.

## **JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: January 11, 2021.

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 109482
harne@pba-law.com
**PERERA ALEMAN, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com